UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTINA WYATTE,

      Plaintiff,

v.                             CASE No.  8:05-CV-856-T-TGW

JO ANNE B. BARNHART,
Commissioner of Social Security,

      Defendant.

_____

O R D E R

      The plaintiff in this case seeks judicial review of the denial of her claims for Social Security disability benefits and supplemental security income payments.[1]  Because the decision of the Commissioner of Social Security is supported by substantial evidence, the decision will be affirmed.

I.

      The plaintiff, who was fifty-seven years old at the time of the administrative hearing and who has a third grade education, has worked as a cook helper, home health aide, toll collector, day worker and nurse assistant (Tr. 165-66).  She filed claims for Social Security disability benefits and

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 15).

supplemental security income payments, alleging she became disabled due to asthma, diabetes, and a strained back muscle (Tr. 42). The claims were denied initially and upon reconsideration.

The plaintiff, at her request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff had engaged in substantial gainful activity since her alleged disability onset date of July 1, 2002. This finding alone renders the plaintiff not disabled under the Social Security Act.

Alternatively, the law judge found that the plaintiff had impairments that in combination were severe. He concluded that the impairments restricted the plaintiff to lifting and carrying up to fifteen pounds occasionally and up to ten pounds frequently, and to sitting for twenty minutes and then standing or walking for twenty minutes (Tr. 18). Based upon the testimony of a vocational expert, the law judge determined that these restrictions did not prevent the plaintiff from returning to work as a toll collector. This determination provided an additional basis for the law judge's decision that the plaintiff was not disabled. The Appeals Council let the decision of the law judge stand as the final decision of the defendant.

II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A).  A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."   42 U.S.C. 423(d)(3), 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence.  42 U.S.C. 405(g).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses.  Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971).  Similarly, it is

the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence.  Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).  Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled.  However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met.  Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The law judge found on two independent grounds that the plaintiff was not disabled.  First, he found that, during the period of alleged disability, the plaintiff engaged in substantial gainful activity.  Alternatively, he concluded that the plaintiff's residual functional capacity permitted her to return to prior work as a toll collector.  There is no need to review the alternative ground because the finding that the plaintiff was engaged in substantial gainful activity supports the denial of the plaintiff's claims.  Furthermore, as a result of this conclusion, it is only necessary to consider one

of the plaintiff's challenges since only one has any bearing on the dispositive finding.[2]

The plaintiff argues that the law judge failed to carry out the special duty he had to develop the record that arose from the fact that the plaintiff was not represented by counsel at the hearing. As indicated, however, the only part of the record that is relevant here concerns the plaintiff's substantial gainful activity.

On this issue, the plaintiff suggests that the plaintiff's waiver of counsel was not done understandingly (Doc. 22, p. 7). As the Commissioner points out, the law judge raised the right to representation at the outset of the hearing. He specifically called her attention to that right (Tr. 141-42). The plaintiff not only acknowledged that she understood that right, but said that she had attempted to exercise that right by calling a lawyer (Tr. 142). Her failure to pursue the matter when the lawyer did not call her back does not signify a lack of understanding of her right to representation (id.).

---

[2]The plaintiff lists four potential issues at the beginning of her memorandum (Doc. 22, p. 2). However, she only argues two of them: (1) failure to develop the record (id. at p. 7), and (2) failure to develop the vocational evidence (id. at p. 11). Consequently, if the alternative grounds were being considered, the other two purported issues would be deemed abandoned. See Doc. 13, p. 2.

Furthermore, the law judge expressly asked her if she wanted to have representation, or if she wanted to proceed without a representative (id.). She elected to proceed that day without a representative (id. at 142-43). This is consistent with her letter asking for an early hardship hearing (Tr. 27).

It is appropriate to add that the plaintiff was no stranger to the Social Security system. She had previously been awarded disability benefits (Tr. 12, n.1).[3]

Under the circumstances, the plaintiff's waiver of representation was done knowingly, understandingly and voluntarily. It is recognized that there are decisions in the Eleventh Circuit holding that a waiver of representation was ineffective if the notice to the plaintiff about the right to representation did not mention the twenty-five percent limitation on attorney's fees. See Edwards v. Sullivan, 937 F.2d 580, 585-86 (11th Cir. 1991). It is not known whether the notice in this case contained such information since it is not a part of the record. Nevertheless, the law judge's specific inquiries about representation, the plaintiff's telephone call to a lawyer (thereby negating the notion that she was deterred by the prospect of attorney's fees), the plaintiff's expressed desire for a speedy hearing, and her prior exposure to the Social

---

[3]The benefits were terminated after it was discovered that she was working (id.).

Security system add up, in my view,  to a valid waiver of the right to representation.

However, even if the waiver is invalid, that does not necessarily require a remand.  A remand is not warranted unless the record reveals evidentiary gaps that result in unfairness or clear prejudice.  Edwards v. Sullivan, supra.  This issue overlaps with the plaintiff's contention that the law judge failed in his special duty to develop the record.  As indicated, the question whether there are evidentiary gaps is limited to the finding that the plaintiff engaged in substantial gainful activity.

The period at issue is from July 1, 2002, the alleged disability onset date, until September 10, 2004, the date of the law judge's decision. The law judge found that the plaintiff earned $13,023.53 in 2003, and that these earnings constituted substantial gainful activity (Tr. 13).  The plaintiff makes no attempt to challenge that determination.

Rather, the plaintiff's argument on this point is limited to the contention that, due to the plaintiff's lack of representation, there was an inadequate inquiry into work after the alleged onset date (Doc. 22, p. 8).  In this respect, the plaintiff asserts that "there was insufficient evidence elicited concerning the duties of the actual work activity, the hours and rate of pay for

that period of time (the substantiality, or gainfulness, of the work)" (id. at pp. 9-10).  The plaintiff adds that "[t]here was also only very brief mention given to the Plaintiff's having stopped work, and no consideration given to the possibility that the Plaintiff may have been disabled from an amended, later, onset date" (id. at p. 10).

These speculative concerns clearly do not warrant a remand.  In the first place, the assertion that the law judge did not adequately inquire about the plaintiff's work is not supported by the record.  The plaintiff stated that she worked three to four hours per day helping cook in a kitchen at a home for children (Tr. 151).  She did this in 2003 and up into June 2004 (Tr. 152).  Moreover, an inquiry from the vocational expert elicited that the job involved "cutting up ... stuff," and washing the dishes and putting them away (Tr. 161).  She stopped working at that job because she was getting "kind of tired" and she "had a little difficulty there with some of the people" (Tr. 151).

The law judge found that, during 2003, the plaintiff earned $13,023.53 (Tr. 13).   As the Commissioner explains, these earnings constituted substantial gainful activity under the regulations (see Doc. 23, pp. 5-6).  Thus, for 2003, average monthly earnings of $800 or more would be considered substantial gainful activity (id. at pp. 6-7).  Since the plaintiff's

average monthly earnings were $1,085.29, the law judge had ample basis for concluding that the plaintiff had engaged in substantial gainful activity in 2003 and therefore was not disabled.  In addition, although the plaintiff's earnings for 2004 were not available (Tr. 13, n.2), the law judge could reasonably conclude that the plaintiff engaged in substantial gainful activity until June 2004, since the plaintiff testified that she worked at the same job in 2003 and 2004 (Tr. 152).

The determination that the plaintiff engaged in substantial gainful activity in 2003 and up into June 2004 effectively dooms the current applications based upon an alleged disability onset date of July 1, 2002.  Thus, the plaintiff worked until less than two months before the administrative hearing and less than three months before the administrative decision.  There is no evidence in the record indicating that the plaintiff became disabled between June and September 2004, and that the disabling condition could be expected to last more than nine months into the future.

The plaintiff testified that she stopped working because she was "kind of tired" and "had a little difficulty" with some of the people there (Tr. 151).  Even assuming that this weak testimony would result in a finding that the plaintiff became disabled between June and September 2004, there is no

basis in the record for concluding that the disabling condition could be expected to last for at least twelve months.  Particularly in light of the plaintiff's work history and the absence of any traumatic incident, there is not a reasonable possibility that the law judge would render the speculative finding that the plaintiff would satisfy the twelve-month disability requirement months after he issued his decision.

Under these circumstances, the plaintiff's suggestion that, if the plaintiff had been represented, the representative could have amended the alleged onset date is unpersuasive.  For the reasons just stated, there is no basis for thinking that an amended onset date of June 2004 or later would have been successful.  Of course, if the plaintiff was totally disabled for at least twelve consecutive months after June 2004, the plaintiff can file new applications.

Finally, it is appropriate to add that the plaintiff cannot base a disability claim upon the period from the alleged disability onset date of July 1, 2002, until 2003.  Obviously, the plaintiff was not disabled for twelve continuous months during that period.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner is hereby AFFIRMED.

The Clerk is directed to enter judgment accordingly and to close this case.

DONE and ORDERED at Tampa, Florida, this 18th day of May, 2006.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE